Revised 12/01/2010

## United States Bankruptcy Court
### Western District of Missouri

In re: **Douglas Edward Sutton**  
**Wendy Lynne Sutton**

Case No.

| | | |
|---|---|---|
| Debtor(s) | SSN: | **xxx-xx-8165** |
| | SSN: | **xxx-xx-0306** |

## CHAPTER 13 PLAN AND PLAN SUMMARY

☐ A check in this box indicates that this plan contains deviations from the standard provisions of the model plan adopted by the court at the time of its filing. If changes have been made to the pre-printed text of the model plan form and this box has not been checked, such changes are null and void.

☑ Debtor (and joint debtor if applicable) certifies that all tax returns due for the four tax years prior to the petition date have been filed.

☐ Debtor(s) has/have not filed all tax returns due for the four tax years prior to the petition date. The tax return(s) that have not been filed are the following returns and year due: ____.

☑ Original plan            ☑ Above median
☐ Amended plan          ☐ Below median

**YOUR RIGHTS WILL BE AFFECTED**. You should read these papers carefully and discuss them with your attorney. Any party who wishes to oppose any provision of this plan must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed with the clerk of the court before the deadlines specified in Local Rule 3083-1(D) and (E).

Unless otherwise noted, all statutory references are to Title 11 of the United States Code and all references to "court" are to the United States Bankruptcy Court for the Western District of Missouri. See Plan Provisions section for definitions.

**1.    PLAN PAYMENT:** Debtor shall pay **$800.00** per month from future earnings to the standing Chapter 13 trustee

   a. ☑ Direct payment: from debtor(s) to trustee; or

   b. ☐ Voluntary Wage Assignment to Employer:

| Debtor's Name | Monthly Amount | Employer's Name | Street Address / City, State & Zip |
|---|---|---|---|
| | | | |
| | | | |

**2.    ATTORNEY FEES**

| Total attorney fees | Attorney fees paid directly by the debtor | Attorney fees paid from the plan payments | Equal monthly amount ("EMA") |
|---|---|---|---|
| **$3,500.00** | **$1,500.00** | **$2,000.00** | **$350.00** |

**3.    PRIORITY CLAIMS**

   a. Domestic Support Obligation(s) ("DSO"):

      i. Ongoing post-petition DSO:

         1. Debtor shall make post-petition DSO payments directly to the holder of the claim whether payments are made to the actual recipient or to a governmental unit as assignee.

         2. Pursuant to §112 and FRBP Rule 9037, do not disclose the name of a minor child. Identify only with the minor's initials.

| Debtor's name | Ongoing DSO claim holder name | Address | Telephone number | Direct monthly payment |
|---|---|---|---|---|
| **-NONE-** | | | | |

v.3.0

1

Revised 12/01/2010

ii. Pre-petition arrearages owed to DSO holders under §507(a)(1)(A) and §507(a)(1)(B) shall be paid by the trustee from plan payments on a pro rata basis from funds available after payment of creditors with an EMA unless otherwise specified in paragraph 13.

| Debtor's name | DSO arrearage claim holder name | Address | Telephone number | Estimated arrearage claim |
|---|---|---|---|---|
| **-NONE-** | | | | |

iii. For noticing purposes under §1302(d), if the DSO claim holder listed above in paragraph 3(a)(i) or 3(a)(ii) is a governmental unit, list the name(s), address(es) and phone number(s) of the actual holder of a DSO as defined in §101(14A). Pursuant to §112 and FRBP Rule 9037, do not disclose the name of a minor child. Identify only with the minor's initials.

| Debtor's name | DSO recipient name | Address | Telephone number |
|---|---|---|---|
| **-NONE-** | | | |

b. Priority claims other than domestic support obligations:

i. Shall be paid by the trustee from the plan payments on a pro rata basis unless otherwise specified in paragraph 13. Any other special provisions must be clearly set out in paragraph 13.

ii. Shall be paid from funds available for this class after payment of creditors with an EMA.

| Priority creditor name | Estimated priority claim |
|---|---|
| **IRS** | **$1,300.00** |

4. **LONG TERM REAL ESTATE MORTGAGE (RESIDENTIAL & NON-RESIDENTIAL) & OTHER LONG TERM DEBTS (EXCEPT STUDENT LOANS) TREATED PURSUANT TO §1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO §1328(a)(1)**

   a. Prepetition arrearages shall be paid by the trustee from the plan payments on a pro rata basis unless otherwise specified in paragraph 13.

   b. If the post-petition real estate mortgage payments are to be paid from the plan payments, the trustee shall pay pursuant to LR 3094-1.

   c. The trustee shall populate the database for post-petition mortgage payments to be paid from the plan payments unless other treatment is clearly specified.

   d. If the court enters an order or judgment post-confirmation that deems a mortgage an unsecured claim, the trustee and the debtor retain the right to amend the plan to comply with 11 U.S.C. §1325(a)(4) and to amend the treatment of the affected creditor.

| Creditor name | Collateral | Post petition monthly payment | Post-petition payment Paid through plan | Post-petition payment Paid directly | Estimated pre-petition arrearage | Arrearage interest rate |
|---|---|---|---|---|---|---|
| **Ocwen** | **Location: 2737 SW Regal Dr., Lees Summit MO 64082** | **$1,668.50** | | **X** | **$0.00** | **0.0%** |
| **Springleaf Financial** | **Location: 2737 SW Regal Dr., Lees Summit MO 64082** | **$200.00** | | **X** | **$0.00** | **0.0%** |

5. **REAL ESTATE MORTGAGES (RESIDENTIAL & NON-RESIDENTIAL) TO BE PAID IN FULL DURING THE LIFE OF THE PLAN BY THE TRUSTEE FROM THE PLAN PAYMENTS**

   a. Pre-petition arrears shall not be paid as a separate claim as arrears should be part of the principal balance of the claim which is being paid in full.

Revised 12/01/2010

b. If no monthly payment is provided, the creditor shall be paid pro rata from funds available for this class after the payment of creditors with an EMA.

c. If no interest rate is provided, the trustee shall use the Chapter 13 Rate in effect for this case.

d. If the court enters an order or judgment post-confirmation that deems a mortgage an unsecured claim, the trustee and the debtor retain the right to amend the plan to comply with 11 U.S.C. §1325(a)(4) and to amend the treatment of the affected creditor.

| Mortgage lien holder | Collateral | Principal balance | Monthly payment | Interest rate |
|---|---|---|---|---|
| -NONE- | | | | |

**6. STUDENT LOANS**

a. Post-petition payments shall be paid the contractual monthly payment as a long term continuing debt as specified below with arrears paid by the trustee from plan payments on a pro rata basis. If no interest rate is provided for the student loan arrears, the trustee shall use the Chapter 13 Rate in effect for this case. (*Student loans must qualify as a long term continuing debt to be treated in subparagraph b*.)

b. If the box below does not specify whether the ongoing post-petition payments are to be paid directly or from the plan payments, the trustee shall populate the database for the on-going post-petition payments to be paid from the plan payments.

| Creditor name | Last 4 digits of account # | Estimated claim amount | Contractual monthly payment | Post-petition payment Paid through plan | Post-petition payment Paid directly | Estimated arrearage claim | Interest rate for arrears |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

c. Student loan claims not listed in subparagraph 6(b) above shall be treated in the same class as other non-priority unsecured creditors as specified in paragraph 12 below.

**7. SECURED CREDITORS HOLDING A PURCHASE MONEY SECURITY INTEREST ("PMSI") ENTITLED TO RECEIVE ADEQUATE PROTECTION**

a. The trustee shall pay to the holder of each allowed secured claim the EMA listed below with the appropriate discount rate.

b. *An equal monthly amount must be provided for creditors listed in this paragraph.*

c. Claims to which §506 valuation is not applicable:

Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a)(5) and the hanging paragraph.

| Creditor name | Last 4 digits of account # | Collateral | Interest rate | EMA payment through plan |
|---|---|---|---|---|
| Honda Finance | | 2010 Honda Pilot with 85k miles VIN# 5FNYF4H55AB026606 | **Ch13 Rate** | **$200.00** |
| Southwest National Bank | | 2007 Ford Fusion with 126k miles VIN# 3FAHP08157R159561 | **Ch13 Rate** | **$150.00** |

d. Claims to which §506 valuation is applicable:

Revised 12/01/2010

Claims listed in this subsection consist of any PMSI claims secured by personal property not described in paragraph 7(c) above. The portion of any allowed claim that exceeds the value indicated below shall be treated as a non-priority unsecured claim. See §§1325(a)(5) and 506(a).

| Creditor name | Last 4 digits of account # | Collateral | Value of collateral | Interest rate | EMA payment through plan |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

### 8. SECURED CREDITORS NOT HOLDING A PURCHASE MONEY SECURITY INTEREST

a. Pursuant to §1326(a)(1) creditors listed in this paragraph shall not receive pre-confirmation adequate protection payments unless the court orders otherwise.

b. Creditors listed in this paragraph will be paid to the value of collateral unless otherwise specified in paragraph 13.

c. *An equal monthly amount must be provided for creditors listed in this paragraph.*

| Creditor name | Last 4 digits of account # | Collateral | Value of collateral | Interest rate | EMA payment through plan |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### 9. SECURED CREDITORS - SURRENDER PER §1325(a)(5)(C)

| Name of Creditor | Collateral to be surrendered | Surrender in lieu of entire debt (leave blank if a deficiency claim is to be allowed) |
|---|---|---|
| -NONE- | | |

### 10. TAX REDEMPTION CLAIMS

Priority claims arising from a tax sale of real property shall be listed in this paragraph and specific instructions for treatment of creditor must be clearly set out in paragraph 13.

| Creditor name | Estimated claim amount | Deadline to redeem property |
|---|---|---|
| -NONE- | | |

### 11. EXECUTORY CONTRACTS & UNEXPIRED LEASES

Post-petition payments and pre-petition arrearages on executory contracts and unexpired leases which are assumed shall be paid directly by debtor.

| Creditor name | Property description | Accept or Reject |
|---|---|---|
| -NONE- | | |

### 12. NON-PRIORITY UNSECURED CREDITORS

a. If debtor has both non-exempt equity (requiring a LAP) and disposable income (requiring a DIP), the type of plan selected should be the option which provides the greatest dividend to non-priority unsecured creditors and complies with §1325(b) if less than a 100% dividend.

b. <u>To the extent that the debtor is entitled to tax refund which is a prepetition asset, the non-exempt portion thereof which either is not properly setoff, or which is not already provided for under the terms of the plan for the benefit of the unsecured creditors shall be turned over to the trustee for the benefit of the filed and allowed unsecured creditors.</u>

Revised 12/01/2010

    c. To the extent debtor has a pending or potential lawsuit or other administrative proceeding, whether or not such cause of action is listed on Schedule B, any net, non-exempt proceeds which become liquidated during the applicable commitment period shall be turned over to the trustee for the benefit of unsecured creditors absent other court order and absent other agreement with the trustee.

    d. Choose only *one* treatment of non-priority unsecured creditors below:

        **i.** ☑ A dividend of 100%.

        **ii.** ☐ A dividend of 0%.

        **iii.** ☐ A base plan.  The base is __ months of payments.

        **iv.** ☐ Liquidation Analysis Pot (LAP)

        There is non-exempt equity of $__

        **v.** ☐ Disposable Income POT - 60 months (DIP-60)

        The DIP-60 amount is $__ (60 x $__ monthly disposable income as calculated on Form B22C).

        **vi.** ☐ Disposable Income POT - 36 months ("DIP-36")

        The DIP-36 amount is $__ (36 x $__ monthly disposable income)

**13.    OTHER REMARKS OR PROVISIONS**

Date: **May 11, 2015**

Chapter 13 Debtor: **Douglas Edward Sutton**

Chapter 13 Debtor: **Wendy Lynne Sutton**

By:

    Attorney name: **Todd S. Abplanalp 55013**

    Attorney address: **1308 NE Windsor Dr.**
    **Lees Summit, MO 64086**

    Attorney phone number: **816-434-7300**

Revised 12/01/2010

**PLAN PROVISIONS**

A. **PLAN PAYMENT**

  i. **Mailing address:** All plan payments shall be payable to "Richard V. Fink, Trustee", shall include the debtor's name and case number and shall be mailed to Richard V. Fink, Trustee, P.O. Box 1839, Memphis, TN 38101-1839.

  ii. **Commencement date:** Plan payments shall commence within 30 days of the petition date. Once a plan is confirmed, that plan payment remains in effect until such time as the court confirms a subsequent amendment.

  iii. **Employer wage order:** If the box for voluntary wage assignment to the employer is checked and the employer address is not provided, the wage order shall be issued directly to the debtor. If neither box in paragraph 1 is checked, the wage order shall be issued directly to the debtor. Full and timely payment is the debtor's responsibility if the voluntary wage assignment has not gone into effect or if the employer does not remit the full plan payment amount. The trustee also may cause an order to remit plan payments to be issued to the debtor's employer pursuant to LR 3083-1.

B. **DISTRIBUTIONS TO CREDITORS**

  i. **Proof of claim:** The trustee shall only distribute payments, including adequate protection payments, to creditors who have filed proofs of claim. If the plan provides for the debtor to make payments directly, then the failure of the creditor to file a proof of claim does not excuse the debtor from making the required direct payments. If the debtor is to make direct payments to a creditor, those payments must be paid pursuant to the terms of the contract regardless of whether the plan is confirmed. However, if the trustee is to pay any portion of a claim, then it is necessary for the creditor to file a proof of claim to receive the portion of the claim to be paid through the trustee.

  ii. **Order of distributions:** The trustee shall distribute to creditors, absent other order of the court, based on the confirmed plan, filed and allowed proofs of claim, and the notice to allow claims and any subsequent notices to allow additional, adjusted or amended claims. See LR-3084-1 and LR 3085-1. The manner and order of distribution to creditors shall be determined by the trustee unless otherwise clearly set out in the plan as confirmed.

  iii. **Creditor mailing address/assignments or transfers:** The trustee shall mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments or the trustee receives other official, written notice of a change of address. If the claim is assigned or transferred, the trustee shall continue to remit to the original creditor until an assignment or transfer of claim is filed with the court.

  iv. **Payment of claim after lifting of stay:** The trustee shall continue to make payments to any creditor with a filed and allowed claim after an order granting relief from the stay is entered or the stay is otherwise not in effect. The trustee shall cease making payments pursuant to LR 3086-1 only if:

  a. an objection to the claim is filed and an order is entered disallowing the claim;
  b. the claim is withdrawn by the creditor; or
  c. the creditor advises the trustee in writing to cease making payments to it.

C. **ADMINISTRATIVE COSTS**

  i. **Trustee's fees:** Trustee's fees shall be collected from each payment disbursed by the trustee regardless of whether it is paid pre- or post-confirmation. See 28 USC §586, §1326, LR 3086-1.

  ii. **Debtor's attorney's fees:** Attorney fees shall be paid from the plan payments pursuant to LR 2016-1 unless a different treatment is provided in paragraph 13 *and* the court issues a specific order regarding that proposed treatment. The confirmation of the plan without that separate, specific court order shall not permit attorney fees to be paid contrary to the equal monthly amount specified in paragraph 2. All attorney fees paid contrary to that paragraph or other order of the court are subject to disgorgement.

Revised 12/01/2010

**D. PRIORITY CLAIMS**

    **i. Treatment:** Section 1322(a)(2) provides that all claims entitled to priority under §507(a) shall be paid in full in deferred cash payments, except when §1322(a)(4) applies to §507(a)(1)(B) priority claim, unless the holder of a particular claim agrees to a different treatment of such claim. All priority claims, regardless of the underlying basis for the claim, are similarly classed for purposes of distribution under this plan unless otherwise specified in paragraph 13 or other order of the court. Priority creditors shall not receive interest on their claims unless otherwise specified in the plan or other order of the court.

    **ii. Classification:** All priority creditors, including DSO's, with a filed and allowed claim for whom an EMA is provided in paragraph 13, shall be grouped for distribution purposes with any creditor for whom an EMA is provided, including secured claims and debtor's attorney's fees. All priority unsecured creditors, including DSO's, with a filed and allowed claim for whom an EMA is not provided, shall be grouped for distribution purposes with any secured creditor being paid pro rata as funds are available for that class of creditors.

**E. LONG TERM REAL ESTATE MORTGAGES (RESIDENTIAL & NON-RESIDENTIAL) & OTHER LONG TERM DEBTS PURSUANT TO §1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO §1328(a)(1)**

    **i. Interest rate for pre-petition arrearage:** All pre-petition arrearages, whether scheduled or unscheduled, shall be paid 0% interest pursuant to §1322(e) unless otherwise specified in the plan or ordered by the court. If a portion of the pre-petition arrearage is entitled to interest, the treatment should be clearly specified in paragraph 13 as to the amount to be paid interest and the applicable interest rate. If the proof of claim is filed with no information regarding the portion to be paid interest, the trustee shall pay interest on the amount indicated in the plan. If no specific interest rate is provided and the plan provides for interest, the trustee shall use the Chapter 13 Rate in effect for the case.

    **ii. Post-petition mortgage payment change:** A "Notice of Payment Change" shall be filed with the court and served on the debtor, the debtor's counsel and the trustee no later than sixty (60) days prior to any payment change and shall contain the information required pursuant to LR 3094-1(C)(3).

    **iii. Pre-confirmation adequate protection payments on claims secured by real property:** The trustee shall distribute adequate protection payments to real property creditors being paid from the plan payments pursuant to LR 3086-1(E).

**F. LIEN RETENTION**

The holder of a secured claim shall retain its lien, until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under §1328 and, if the case is dismissed or converted without completion of the plan, the lien also shall be retained by such holder to the extent recognized by applicable non-bankruptcy law. §1325(a)(5)(B).

**G. LIEN AVOIDANCE**

Secured creditors with a non-purchase money security interest in consumer goods may be subject to lien avoidance per §522(f), and treated as non-priority unsecured only if a separate motion/action is filed and the court enters an order avoiding the lien.

**H. SECURED CREDITORS HOLDING A PURCHASE MONEY SECURITY INTEREST ENTITLED TO RECEIVE ADEQUATE PROTECTION**

    **i. Pre-confirmation adequate protection payments:**

        **a. How made:** All adequate protection payments to secured creditors listed in paragraph 7 required by §1326(a)(1) shall be made through the trustee pursuant to LR 3086-1 unless otherwise ordered by the court. A creditor shall not receive adequate protection payments if the plan does not provide for such creditor to be treated as secured in paragraph 7. In order for such creditor to receive adequate protection payments, the debtor must amend the plan to so specify that creditor's treatment as secured and to provide an equal monthly amount for that creditor or the creditor must file an appropriate motion for adequate protection with the court and obtain an order. Creditors may file objections to the adequate protection treatment provided by the plan.

Revised 12/01/2010

    **b. Proof of claim required:** All creditors listed in the plan in paragraph 7 shall receive adequate protection payments pursuant to §1326(a)(1), with the trustee releasing such payments to each creditor only after a proof of claim is filed with the court. Adequate protection payments shall be paid from the second month following the petition or conversion month through the confirmation month. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted unless the court orders otherwise.

    **c. Long term personal property claims:** Any personal property debt that qualifies as a long term debt and is listed in paragraph 4 for which pre-confirmation adequate protection payments are required shall be paid adequate protection payments.

**I.  SECURED CREDITORS - SURRENDER PER §1325(a)(5)(C)**

    **i. Time of surrender:** Debtor shall surrender collateral no later than thirty (30) days from the filing of the petition unless otherwise specified in the plan.

    **ii. Automatic stay:** Any repossession/foreclosure prior to confirmation of this plan must be obtained by a filed motion and court order, unless the automatic stay no longer applies under §362(c). Upon plan confirmation, the automatic stay shall be deemed lifted for the collateral identified for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate debtor's state law contract rights.

    **iii. Deficiency claim:** If a deficiency claim is filed, it shall be allowed unless the column titled "Surrender In Lieu of Entire Debt" has a mark of any kind in it. If there is any mark in said column, the trustee shall populate the database as "surrendered in lieu of the entire debt," including any non-priority unsecured portion.

**J.  DEFINITIONS**

    **i. Arrearage:** Any arrearages listed are the debtor's best estimate of the amount owed as of the date of the petition. The trustee shall pay arrearages based on the filed and allowed proof of claim pursuant to Local Rule 3084-1. If no arrearage amount is shown on the proof of claim, none shall be paid.

    **ii. Base plans:**

        **a. Base amount:** The base amount ("Base") shall be calculated by multiplying the number of months proposed in a base case by the monthly plan payment. If the monthly plan payment changes, the base shall be adjusted accordingly.

        **b. Adjustments to Base:** The Base may be adjusted upward to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date and to accommodate increases in long-term continuing debts being paid through the trustee from the plan payments remitted by the debtor. The Base may be adjusted at the end of the plan in order to allow a full monthly payment in the last month of the plan to any creditor receiving long term debt payments through the trustee. The Base may be adjusted upward due to any additional funds the debtor receives which are determined to be disposable income either by agreement of the debtor and the trustee or by order of the court regardless of source. If the debtor remits sufficient funds to the trustee to pay off the case in full, e.g. 100% to all filed and allowed unsecured creditors; the trustee may adjust the plan to a 100% plan for filed and allowed unsecured creditors without further order of the court.

        **c. Payment of non-priority unsecured creditors:** Filed and allowed non-priority unsecured creditors shall be paid their pro rata share, as funds are available, of plan payments available after the satisfaction of administrative expenses, secured claims (including interest), priority unsecured claims and after all long-term debt payments being paid through the trustee are current.

        **d. Length of Base:** Because the total funds paid into the plan *must* be sufficient to satisfy the administrative expenses, secured claims and priority unsecured claims, the plan may actually run longer than the number of months needed to satisfy the Base. Any adjustments made to the Base that results in the Plan running in excess of the sixty-month statutory time limit of §1322(d) may result in the trustee filing a motion to dismiss.

Revised 12/01/2010

iii. **Applicable commitment period:** If the trustee or an unsecured creditor objects to confirmation of a plan pursuant to §1325(b)(1)(B), the debtor shall devote to the plan all disposable income for payment to unsecured creditors for the applicable commitment period from the date that the first plan payment is due, as defined in §1326(a)(1), unless the plan provides for payment in full of all filed and allowed unsecured claims over a shorter period.  Regardless of whether the trustee objected to the confirmation of the plan pursuant to §1325(b)(1)(B), the trustee may file a Motion to Amend Plan pursuant to §1329 to a Base plan or a Pot plan if the plan as filed and confirmed will pay all administrative expenses and filed and allowed secured and priority creditors in a period of time that is less than the applicable commitment period.  This includes plans running less time than anticipated due to the lifting of the automatic stay, secured or priority claims being allowed for less than the scheduled amount or not filed at all, withdrawn claims, lien avoidance or disallowance of claims or plans running less than the applicable commitment period due to other reasons.   The trustee  or the debtor or an allowed unsecured claimant may also file a Motion to Amend Plan pursuant to §1329 if there has been a post-confirmation change in circumstances that would allow the debtor to pay a dividend or an increased dividend to non-priority unsecured creditors.

iv. **Equal monthly amount (EMA):** Claims with EMA's may receive more than the EMA and may receive those additional funds prior to payments being made to non-priority unsecured creditors.

v. **Long term debt:** A long term debt is one in which the final payment due under the terms of the contract comes due after the final Chapter 13 plan payment comes due.

vi. **Pot plans:**

   a. **Liquidation analysis pot (LAP):** The LAP shall first be used to satisfy pre-confirmation debtor's attorney's fees being paid from the plan payments and filed and allowed priority claims.  Any funds remaining in the LAP after the satisfaction of those claims shall be paid to filed and allowed non-priority unsecured claims.  If the LAP is less than or equal to the sum of the pre-confirmation debtor's attorney's fees being paid from the plan payments and the filed and allowed priority claims, the filed and allowed non-priority unsecured claims shall receive zero percent (0%), unless the plan runs short of the applicable commitment period.  See paragraph J(iii).  Filed and allowed special or co-debtor non-priority claims shall not receive more than their pro rata share of any funds available for distribution to filed and allowed non-priority claimants from the LAP; if the plan provides for filed and allowed special or co-debtor non-priority claims to be paid more than the other filed and allowed non-priority unsecured claimants, then the debtor shall pay to the trustee the additional funds necessary to satisfy those claims.

   b. **Disposable income pot (DIP):**

      1. **Above median debtors (DIP-60):** If the debtor has disposable income as defined in §§1325(b)(2) and (b)(3) and the applicable commitment period as defined in §1325(b)(4)(A) is not less than five (5) years, the DIP amount shall be the amount of the monthly disposable income on form B22C multiplied by 60.

      2. **Below median debtors (DIP-36):** If the debtor has disposable income as defined in §§1325(b)(2) and (b)(3) and the applicable commitment period as defined in §1325(b)(4)(A) is not less than three (3) years, the DIP amount shall be the amount of the monthly disposable income multiplied by 36.

      3. **Sharing in the DIP:** The DIP shall first be used to satisfy pre-confirmation debtor's attorney's fees being paid from the plan payments and filed and allowed special or co-debtor non-priority unsecured claims.  Filed and allowed priority claims are not deducted from the DIP-60 as they already have been deducted on the form B22C.  Filed and allowed priority claims are deducted from the DIP-36.  Any remaining funds in the DIP shall be paid to filed and allowed non-priority unsecured claims.  If the DIP is less than or equal to the sum of the pre-confirmation debtor's attorney's fees being paid from the plan payments and filed and allowed special or co-debtor non-priority unsecured claims, the filed and allowed non-priority unsecured claims shall receive zero percent (0%), unless the plan runs short of the applicable commitment period.  See paragraph J(iii) above.

Revised 12/01/2010

    c. **Adjustment to dividend for both LAP plans and DIP plans:** After the dividend to non-priority unsecured creditors is set, the trustee will not adjust the percentage to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date. If the debtor believes that adjustment of the percentage is required, it will be the responsibility of the debtor to amend the plan. If the debtor determines that an adjustment is required, it will be the responsibility of the debtor to determine an appropriate percentage and file an amended plan to set the dividend to that percentage. Any such amendment to the plan shall reflect the dividend which previously has been set and shall provide a dividend that will comply with §1325(a)(4) and must be at least equal to any distributions already made to non-priority unsecured creditors.

    d. **Trustee's avoidance powers:** If the trustee avoids a transfer of an interest of the debtor in property and recovers funds in a total amount equal to or greater than three thousand dollars ($3000.00), the recovered funds shall be distributed to unsecured creditors pursuant to the provisions of a LAP plan listed above.

vii. **Value of collateral:** The value of collateral listed is the debtor's best estimate. The trustee uses the value listed on the face of the filed proof of claim, if one is listed, pursuant to Local Rule 3084-1 when populating the database with the proof of claim. If the value of the collateral is not provided on the face of the proof of claim or in the plan or schedules, the claim shall be treated as a non-priority unsecured claim.

v.3.0

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy